UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN RODRIGUEZ-MORALES,

                              Petitioner,

-v-

J.L. JAMISON, Warden of the Federal Bureau of Prisons Correctional Facility of Otisville, New York,

                              Respondent.

23 Civ. 7956 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioner Juan Rodriguez-Morales ("petitioner"), an inmate at Otisville Federal Correctional Institution ("FCI Otisville"), filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner seeks an award of Earned Time Credits ("ETCs") under the First Step Act, 18 U.S.C. § 3632(d)(4). Because petitioner failed to exhaust his administrative remedies as required under § 2241, *see Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.), the petition is dismissed.

## I.    Background

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which permits federal inmates to participate in recidivism reduction programs to earn time credits qualifying them for early release from custody. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). The credits may be applied either toward earlier placement in pre-release custody or toward a term of supervised release. *Id.* The FSA specifies various criteria that renders an inmate ineligible to receive or apply for ETCs. Relevant here, inmates convicted of illegal reentry under the Immigration and Nationality Act (8 U.S.C. § 1326(a)) are ineligible to receive such credits. 18 U.S.C. § 3632(d)(4)(D)(lix).

On March 21, 2023, petitioner was sentenced in the United States District Court for the District of Arizona to a 37-month prison term for illegal reentry in violation of 8 U.S.C. § 1326(a). Dkt. 11 at ¶ 5 ("Walker Decl.").[1] On September 7, 2023, petitioner filed the instant petition, which seeks ETCs under the FSA based on his participation in a residential substance abuse treatment program. Dkt. 1 at 4 ("Pet.'s Br."). He claims that, under the "Equal Act" (which the Court construes to refer to the equal protection command of the Fifth Amendment to the Constitution), the Bureau of Prisons ("BOP") must treat non-citizens and citizens alike by awarding petitioner time credits "as it does . . . America[n] citizens." Id. at 2. Petitioner further argues that his failure to exhaust his administrative remedies should be excused based on futility. Id. at 2–3. In particular, he claims that the BOP has "already informed certain Alien Non-Resident Citizen prisoners" that "the pertinent statutory authority is not applicable to certain Alien Non-Resident Citizens." Id. at 3.

On February 5, 2024, the Government filed a memorandum of law in opposition. Dkt. 10 ("Opp. Mem."). It argues that petitioner failed to exhaust his administrative remedies before filing his petition. The BOP's internal grievance procedure consists of four steps: informal resolution, filing, and two levels of appeals to the regional director and central office. 28 C.F.R. §§ 542.13–15. An administrative appeal is not considered fully exhausted until it has been ruled on by the BOP's general counsel's office. Id. § 542.15. The Government represents that petitioner did not utilize this mandatory process. See Opp. Mem. at 5; see also Walker Decl. at ¶ 15 ("Petitioner has never filed any requests for administrative remedy or administrative appeals with the BOP.").

---

[1] The Walker Declaration was submitted by Kettisha Manson Walker, a BOP case management coordinator at FCI Otisville.

2

In response to petitioner's futility argument, the Government cites Second Circuit caselaw which holds that the futility exception to the administrative exhaustion requirement is not available where the petitioner's claim amounts to an argument that the claim "would have likely failed." Opp. Mem. at 6 (citing *Beharry*, 329 F.3d at 62). On the merits, the Government notes that petitioner is ineligible for ETCs not because he is a non-citizen but because he was convicted of a disqualifying offense, and thus his Equal Protection claim is not viable. *See* Opp. Mem. at 11–12.

## II.    Discussion

Inmates are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). The exhaustion requirement advances important interests, chief among them "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Beharry*, 329 F.3d at 62. Failure to exhaust administrative remedies results in a "procedural default" that bars judicial review unless "the petitioner persuades the Court that the failure to exhaust should be excused." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009). The Court liberally construes pleadings submitted by *pro se* litigants. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).

Petitioner does not dispute that he failed to exhaust his administrative remedies. *See* Pet.'s Br. at 2–3. Instead, he invokes the "futility exception" to the exhaustion requirement, *Beharry*, 329 F.3d at 56, under which exhaustion may not be required where "administrative appeal would be futile." *Id.* at 62; *see also Howell v. I.N.S.*, 72 F.3d 288, 293 (2d Cir. 1995) (exhaustion is futile where no "adequate remedy" is available through the internal administrative

process). He argues that the BOP's view that First Step Act relief is unavailable to non-citizens is foreordained. Pet.'s Br. At 2–3.

That argument fails for at least two reasons. First, as the Second Circuit has held, a petitioner's forecast that an argument "would likely have failed is not tantamount to stating that it would have been futile to raise it." *Beharry*, 329 F.3d at 62. And requiring administrative exhaustion in such circumstances may help develop a fuller factual record and thereby assist in later judicial review. *See id.* Second, as the Government points out, petitioner's argument rests on a false premise. The basis for claiming that he is ineligible for ETCs is not his status as a non-citizen, but his conviction for a disqualifying offense. Had petitioner utilized the administrative review process, this misapprehension would likely have been exposed below, thus either definitively resolving the matter without need for judicial review or enabling a quick disposition upon such review.

Because petitioner failed to exhaust his administrative remedies, and because exhaustion would not have been futile, the Court dismisses the petition without reaching the merits of petitioner's claim.

## CONCLUSION

For the foregoing reasons, the Court dismisses the petition for a writ of habeas corpus. The Clerk of Court is respectfully directed to close all pending motions and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 24, 2024
New York, New York

4